﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 210114-129775
DATE: April 30, 2021

REMANDED

Entitlement to service connection for left foot pes planus is remanded.

Entitlement to service connection for right foot pes planus is remanded.

Entitlement to service connection for left foot hammertoes is remanded.

Entitlement to service connection for right foot hammertoes is remanded.

REASONS FOR REMAND

The Veteran served honorably on active duty in the U.S. Army from December 1965 to December 1967. For his service, he is in receipt of multiple awards and decorations, including but not limited to the Vietnam Service Medal with 1 Bronze Service Star and the Combat Infantryman Badge.

The rating decision on appeal was issued in November 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the January 2021 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

In January 2021 the Veteran wrote that he believed the claim on appeal should be a claim of entitlement to an increased evaluation for service-connected metatarsalgia with tylosis. The November 2020 AMA rating decision on appeal did not address the evaluation assigned for the service-connected condition and that issue is not currently before the Board. The Board will interpret the Veteran’s January 2021 statement as an assertion that the claimed conditions are a progression of the underlying service-connected condition, as addressed below. If the Veteran seeks a higher evaluation for the service-connected condition, he may file a claim for increase. 

1. Entitlement to service connection for left foot pes planus is remanded.

2. Entitlement to service connection for right foot pes planus is remanded.

3. Entitlement to service connection for left foot hammertoes is remanded.

4. Entitlement to service connection for right foot hammertoes is remanded.

These issues are remanded to correct a duty to assist error that occurred prior to the issuance of the November 2020 AMA rating decision on appeal. VA has a duty to assist claimants to obtain evidence needed to substantiate a claim. 38 U.S.C. § 5103A (2012); 38 C.F.R. § 3.159. VA’s duty to assist includes providing a medical examination when is necessary to make a decision on a claim. 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4). Where VA provides the veteran with an examination in a service connection claim, the examination must be adequate. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007).

Here, the medical opinion obtained by VA is not adequate. In January 2020, a VA examiner opined that diagnosed bilateral hammertoes and pes planus were not related to the Veteran’s period of service. In support of that opinion, the examiner reported the service treatment records (STRs) did not show the development of bilateral hammertoes or pes planus in service. Rather, the examiner reported that hammertoes and pes planus developed many years after service.

The opinion is inadequate because the examiner failed to address relevant STRs. The STRs show complaints of chronic foot symptoms throughout the Veteran’s period of service. For example, an April 1967 STR records the Veteran had prominent metatarsals, a May 1967 STR reports the Veteran needed arch supports and a metatarsal bars for his shoes, a June 1967 STR reports hyperextension of the toes and severe metatarsalgia, and a November 1967 STR reports the Veteran had painful pes cavus type feet. The examiner’s failure to address these relevant records renders the opinion inadequate.

Further, the examiner did not discuss whether the hammertoes and pes planus are a progression of the service-connected metatarsalgia with tylosis. A December 2019 VA examination report completed by a different examiner includes the finding that there was no change in the service-connected diagnosis and no additional diagnoses. The question posed to the examiner in that examination report was whether there were diagnoses in addition to the “established diagnoses” of bilateral hammertoes, pes planus, and metatarsalgia with tylosis. The way the question was framed and the way the examiner replied indicates that bilateral hammertoes and pes planus may be a progression of the service-connected condition or secondary to the service-connected condition and further clarification is necessary. For these reasons, remand is required for an adequate addendum. 

The matters are REMANDED for the following action:

1. Obtain an addendum opinion regarding the etiology of the claimed bilateral pes planus and hammertoes from a VA examiner. The entire claims file must be made available to and be reviewed by the examiner. If an examination is deemed necessary, it shall be provided. An explanation for all opinions expressed must be provided. 

(a.) The examiner must provide an opinion regarding whether it is at least as likely as not (50 percent or greater probability) that bilateral pes planus and hammertoes had onset in, or is otherwise related to, active service. 

(b.) The examiner must provide an opinion regarding whether it is at least as likely as not (50 percent or greater probability) that bilateral pes planus and hammertoes is a progression of the service-connected bilateral metatarsalgia and tylosis.

(c.) The examiner must provide an opinion regarding whether it is at least as likely as not (50 percent or greater probability) that bilateral pes planus and hammertoes is caused or aggravated by service-connected bilateral metatarsalgia and tylosis.

(Continued on the next page)

 

(d.) The examiner must specifically address the STRs documenting foot symptoms and treatment in April 1967, May 1967, June 1967, July 1967, and November 1967.

(e.) The examiner is requested to disregard the November 1967 separation examination showing normal findings for the feet as it is clearly inaccurate and inconsistent with the totality of the STRs.

 

 

LAURA E. COLLINS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Smith, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.